Mr. Justice Nott
delivered the opinion of the court.
With regard to the motion to discharge the bail, a majority of the court are of opinion, that stating the defendant to be indebted to the agent as attorney, is merely shewing that he became indebted to the plaintiffs through him, or became indebted to him for their use, which enabled them to bring the action; that the objection goes more to the form than the substance of the thing, and ought not therefore to be supported.
On the question of jurisdiction, I concur with, the Judge below. There is no distinct evidence by which the jurisdiction can be marked of airy greater damages being sustained by the plaintiffs than the difference between the first *298 contract and the sale at auction. And even if they might have recovered more, they were at liberty to demand.less. The sum sued for is clearly within the jurisdiction of the court. This motion, therefore, cannot prevail.
The two remaining are the most important questions.— The Statute of Frauds says, the parties shall not be bound, “ except the buyer shall accept part of the goods sold, and actually receive the same,” &c. The object of the Statute was (as it professes) to prevent frauds and perjuries. The mischief to be apprehended was that in-cohate and imperfect contracts might be established on loose declarations against the real intention of the party to be made liable. It therefore requires some unequivocal act of consummation to be done which cannot be mistaken. The Recorder reports to us “ that after being told, it remained in Mr. Haslet?s store subject to his risk; he ordered and had some of it turned out, which he after-wards returned, and then refused to take any part of it.” I think that may fairly be construed into such acceptance, and receipt of the goods as was contemplated by the Statute. When we consider the course of trade in this country, a different construction would-be destructive of all confidence, and lead to incalculable mischief. A waggon or boat load of cotton or flour is brought to a merchant’s door, or to the wharf for sale; a purchaser presents himself, examines the cotton, and probes the flour barrels to the bottom, he then agrees upon the price, and orders the article to be laid at his door or upon the wharf, as the case may be. Shall he, after giving the seller all this trouble, capriciously refuse to carry his contract into effect ? Such a construction would render the Statute subservient' to the very mischief which it was intended to prevent. I think, therefore, that there was sufficient evidence of acceptance arid receipt of the goods to authorize the verdict.
The last is the most difficult question. I do not find any case authorizing such a course of proceeding, -except the case of Sands and others vs. Taylor and others. (5 Johns. Rep. 395.) Rut there do not appear to be any cases dj- *299 s eedy opposed to it; nor do I perceive that it violates any known principle of law. %ime respect is due to the testimony of the witnesses, wh$ said that such was the usage in Charleston, although they could not mention any particular case where it had been done, and although it might not be sufficient to establish such usage. Goods might in such' a case be declining in value, or perishing in the hands of the seller, if of a perishable nature. I think, therefore, it was a course of proceeding equally beneficial to the seller and the buyer, and one that ought to be supported. Upon the whole, I am satisfied with the opinion of the Recorder, for the reasons which he has given, and with the verdict of the jury who found according to his directions.
The motion for a new trial is therefore refused.
Justices Gantt, Jo-hnson and Huger, concurred.